**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JON M. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-1050-GPM |
| | ) | |
| PAT QUINN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, an inmate at the Pinkneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff's complaint claims that 730 ILCS 5/5-4-3, which requires certain convicted persons "to submit specimens of blood, saliva, or tissue to the Illinois Department of Police" violates his "right to privacy."  Additionally, the complaint alleges that the commissary prices at Pinckneyville Correctional Center are too high; that the conditions at Pinckneyville Correctional Center are too harsh; that he has been denied access to the courts; and that he is being subjected to the intentional infliction of emotional distress.  Named as Defendants are:  Pat Quinn (Governor), Lisa Madigan (Attorney General), Gregory Schwartz (Warden), and "AFSCME Local" (the union representing employees at the prison).

### DISCUSSION

Plaintiff's complaint suffers from many deficiencies.  The primary deficiency, however, is that "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a

constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

The instant complaint does not include any allegations indicating that Defendants were personally responsible for the alleged deprivations of Plaintiff's rights.  With regard to Defendant Quinn, Plaintiff asserts only that he "is a necessary party to a suit involving the state as a defendant." Defendant Madigan is sued because she "is responsible for enforcing the laws."  Defendant Schwartz is sued because he "is responsible for the conduct of his subordinates."  Lastly, Defendant AFSCME is sued because "it is responsible for fair representation of its members."  Such allegations fail to indicate that Defendants are being held responsible for their own alleged deprivations of Plaintiff's rights; instead, they indicate that Plaintiff is attempting to make these Defendants responsible for the actions of others.  This is not permitted under § 1983.  Consequently, Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

Plaintiff's claim that taking DNA samples from him violates his privacy rights is legally meritless.  *See Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004) (holding Wisconsin statute requiring all incarcerated felons to provide DNA samples for state data bank does not violate Fourth Amendment under "special needs" doctrine).  Therefore, this claim must be dismissed pursuant to § 1915A because it is legally frivolous.

Plaintiff's claim that commissary prices are too high implicates no constitutional right.

Because Plaintiff has no protected property or liberty interest in making commissary purchases, *see Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995), he has no protected property or liberty interest in commissary prices.  This claim also must be dismissed pursuant to § 1915A as legally frivolous.

Restrictions on Plaintiff's access to the law library do not, standing alone, state a constitutional claim.  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[t]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*").  An inmate has no constitutional claim that he has been denied access to the courts unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  Therefore, Plaintiff's allegations concerning access to the law library must be dismissed pursuant § 1915A for failing to state a claim.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  07/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge